# CASES

DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS
### DURING THE YEAR 1917

---

**J. A. Clark, Appellee, v. M. O. Lee, Appellant.**

(Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by J. A. Clark, plaintiff, against M. O. Lee, defendant, for fraud and deceit in the sale by defendant to plaintiff of certain shares of capital stock of a corporation. From a judgment for plaintiff for $1,500, defendant appeals.

DYER & DYER and O. M. JONES, for appellant.

ROBERT R. RODMAN, WILLIAM M. ACTON and JAY BRIGGS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

(1)

Clark v. Lee, 205 Ill. App. 1.

## Abstract of the Decision.

1. EVIDENCE, § 300*—*when corporate books not identified so as to be admissible.* In an action for fraud and deceit in the sale of certain shares of capital stock of a corporation, where, for the purpose of proving that at the time the stock was sold to plaintiff it was worthless, the secretary of a trust company which had been appointed receiver for the corporation whose stock was in question, produced in evidence certain books which he testified had been sent, with others not produced, by express to the clerk of the court by the president of the corporation and by the clerk delivered to the witness, and that he did not himself know that the books produced were the books of the corporation, *held* that there was no identification of the books produced as the books of the corporation, and that they were incompetent.

2. SALES—*when evidence insufficient to show ownership by corporation of premises on which factory was built in action for fraud in sale of stock.* In an action for fraud and deceit in the sale of certain shares of capital stock of a corporation, where, for the purpose of proving that at the time the stock was sold to plaintiff the corporation did not own or have a deed of the property on which its factory was located, under an allegation in the declaration that the defendant had falsely represented that the corporation did then have a deed for said property, the secretary of a trust company which had been appointed receiver for the corporation produced in evidence a certain lease by the corporation as lessee of said property which he testified had been sent with other papers and books by the president of the corporation to the clerk of the court and had been delivered by the clerk to the witness, who did not know whether the buildings of the corporation were erected upon the premises described in the lease, and there was no other evidence as to the ownership by the corporation of said premises, *held* that there was no competent evidence tending to prove such allegation of the declaration as to ownership by the corporation of the premises on which its factory was built.

3. SALES—*when declaration states good cause of action for fraud in sale of stock.* A declaration in an action for fraud and deceit in the sale by defendant to plaintiff of certain shares of capital stock of a corporation, based upon alleged false representations by the defendant, charging that defendant recklessly made the false representations as of his own knowledge without knowing whether they were true or false with intent to deceive and defraud plaintiff, *held* to state a good cause of action.

4. INSTRUCTIONS, § 118*—*when erroneous as not conforming to evidence.* The giving of an instruction, in an action for fraud

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and deceit in the sale of certain shares of capital stock based upon alleged false representations as to the value of such shares, stating a correct proposition of law in regard to when the value of stock may be a material fact, *held* erroneous for the reason there was no competent evidence on the question of such value.

5. INSTRUCTIONS, § 75*—*when erroneous as assuming facts.* In an action for fraud and deceit in the sale of certain shares of capital stock based upon certain alleged false representations by the defendant, an instruction which assumed that defendant's representations were false and fraudulent, *held* to be erroneous.

6. SALES, § 419*—*when instruction erroneous in action for fraud in sale of stock.* In an action for fraud and deceit in the sale of certain shares of capital stock based upon certain alleged false representations by the defendant, an instruction attempting to set out what representations were material and enumerating among others certain statements by the defendant as to value of the stock and ownership by the corporation of certain property of which there was no competent evidence, *held* to be erroneous.

7. APPEAL AND ERROR, § 1300*—*when presumed that leading questions were of no importance.* Where objection was made in argument that the court erred in permitting leading questions which were not presented in the brief and no reference to the abstract where such questions might be found was made, *held* that it would be assumed such questions were of no importance.